1   **DISABILITY RIGHTS LEGAL CENTER**
    PAULA D. PEARLMAN (SBN 109038)
2   Paula.Pearlman@lls.edu
    SHAWNA L. PARKS (SBN 208301)
3   Shawna.Parks@lls.edu
    AUTUMN M. ELLIOTT (SBN 230043)
4   Autumn.Elliott@lls.edu
    919 Albany Street
5   Los Angeles, California 90015
    Telephone: (213)-736-1031
6   Facsimile: (213)-736-1428

7   Attorneys for Plaintiff
    Susan Monroe

8

9

10

11              **UNITED STATES DISTRICT COURT**

12            **CENTRAL DISTRICT OF CALIFORNIA**

                                **CV10 -4654 SJO (SSx)**
13  SUSAN MONROE,                    CASE NO.

14  Plaintiff;                       **COMPLAINT FOR DAMAGES,
                                     DECLARATORY, AND INJUNCTIVE**
15   v.                              **RELIEF FOR:**

16  THE IRVINE COMPANY               **1.     Violations Of Fair Housing Act (42
    APARTMENT COMMUNITIES,**         **U.S.C. § 3601 *et seq.*)**
17  INC., THE IRVINE COMPANY,        **2.     Violations of California Fair
    LLC, and DOES 1 through 20,**    **Employment and Housing Act (Cal. Gov't
18  inclusive;**                     **Code § 12900 *et seq.*)**
                                     **3.     Violations of Unruh Civil Rights Act
19  Defendants.**                    **(Cal. Civ. Code § 51 *et seq.*)**
                                     **4.     Violations of California Disabled
20                                   Persons Act (Cal. Civ. Code § 54 *et seq.*)**
                                     **5.     Unfair Business Practices (Business
21                                   and Professions Code § 17200 *et seq.*)**
                                     **6.     Negligence
22                                   7.     Intentional Infliction of Emotional
                                     Distress**
23                                   **8.     Invalid Notices to Vacate
                                     DEMAND FOR JURY TRIAL**
24

25

26

27

28

_____
        COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF

Susan Monroe, for her Complaint for Damages, Declaratory, and Injunctive Relief against the Irvine Company Apartment Communities, Inc. and Irvine Company, LLC (collectively "Irvine Company"), alleges as follows.

## JURISDICTION AND VENUE

1.        This Court has subject matter jurisdiction over the claims alleged herein pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.  Plaintiff's claim for violations of the Fair Housing Act (42 U.S.C. § 3604, *et seq.*) ("FHA"), among other claims for relief, arise under the Constitution and laws of the United States such that the jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.  Plaintiff's claims for violations of California state law concern the same actions and omissions that form the basis of plaintiffs' federal question claims such that they all are part of the same case or controversy.  This Court, therefore, has supplemental jurisdiction over those California state law claims pursuant to 28 U.S.C. § 1367.

2.        42 U.S.C. § 1983 confers a right of action to enforce the federal statutes cited herein.  California Code of Civil Procedure § 1085 confers a right of action to enforce the California state statutes cited herein.

3.        Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1 and 2). All defendants reside in the Central District of California, and the events, acts, and omissions giving rise to Plaintiff's claims occurred in the Central District of California.

## PRELIMINARY STATEMENT

4.        Plaintiff Susan Monroe, a senior citizen with physical and mental disabilities, brings the underlying action to address Defendants' wrongful and illegal conduct.   It is clear from the facts of this case and from Defendants' own statements that Defendants are terminating Ms. Monroe's tenancy because she made disability-related requests to her neighbors and to Defendants.

COMPLAINT FOR DAMAGES ,DECLARATORY AND INJUNCTIVE RELIEF

5.        On a very limited number of occasions since moving in to her unit in 2007, Ms. Monroe has requested her neighbors not to smoke near her. She also has asked them whether Defendants notified them of her disability-related sensitivity to second-hand tobacco smoke. Defendants sent Ms. Monroe a letter stating that her requests had made some of her neighbors "very uncomfortable," and that further "harassment" would justify eviction.  On April 21, 2010, Ms. Monroe asked a neighbor whether she had been informed of Ms. Monroe's disability-related need to avoid tobacco smoke by property management. Approximately one week later, Defendants served Ms. Monroe with a notice to vacate her unit.  These actions are proscribed by the federal Fair Housing Act and by California civil rights laws.  Additionally, the notices to vacate are invalid on their face.

6.        Defendants' actions in terminating Ms. Monroe's tenancy are particularly egregious because Ms. Monroe is indigent and can only afford her current unit because it is offered at below market rent as part of a program to provide housing for very low income people. Ms. Monroe spent five years on a waiting list waiting for her apartment.  If Defendants evict Ms. Monroe, she will be rendered homeless, at least temporarily and possibly permanently.

## PARTIES

7.        Plaintiff SUSAN MONROE is an individual who, at all times relevant to this Complaint, resided and continues to reside in Orange County, California.  Ms. Monroe has disabilities within the meaning of federal law and California state law, including 42 U.S.C. 3602 and California Government Code §§ 12926 and 12926.1, at all times relevant to this complaint.  She has physical and mental disabilities that substantially limit her ability to perform major life activities; she also receives Supplemental Security Income.  Ms. Monroe has been a tenant of Defendants since 2002.

8.        Plaintiff is informed, believes, and on that basis alleges, that Defendant IRVINE COMPANY, LLC is and, at all times relevant to this action, was a limited

-2-

**COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF**

liability company organized under the laws of the State of Delaware, with its principal place of business in Newport Beach, California.  The Irvine Company, LLC owns and/or operates Newport North, an apartment complex in Newport Beach, California.  The Irvine Company, LLC also owns and/or operates Cornell and Harvard Court Apartments, an apartment complex in Irvine, California.

9.        Plaintiff is informed, believes, and on that basis alleges, that Defendant IRVINE COMPANY APARTMENT COMMUNITIES, INC is and, at all times relevant to this action, was a corporation organized under the laws of the State of Delaware, with its principal place of business in Newport Beach, California.  Irvine Company Apartment Communities, Inc. is a subsidiary of the Irvine Company, LLC, and owns and/or operates Newport North, an apartment complex in Newport Beach, California.  The Irvine Company Apartment Communities, INC also owns and/or operates Cornell and Harvard Court Apartments, an apartment complex in Irvine, California.

10.        The identities and capacities of defendants DOES 1 through 20 are unknown to Plaintiff.  Plaintiff, therefore, sues these defendants by fictitious names.  As to all defendants sued by fictitious names, Plaintiff will give notice of this Complaint and their true names and capacities when ascertained.  Plaintiff is informed, believes, and thereon alleges that DOES 1 through 20 are, and were at all times relevant herein, other corporate or business entities, agents, successors in interest, assigns, representatives, principals and/or employees of the defendants and are responsible for the acts and omissions resulting in the violations alleged in this complaint.  Defendants DOES 1 through 20 are sued in both their official and individual capacities.

11.        Plaintiff is informed, believes, and on that basis alleges, that at all times herein mentioned, Defendants, and each of them, were the agents, servants, and employees of the other named Defendants and were acting at all times within the

COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF

scope of their agency and employment and with the knowledge and consent of their principal and employer.

12.          Each Defendant is, and at all times herein mentioned was, the principal, agent, employee, or representative of the other Defendant. Each Defendant, in doing the acts or in omitting to act as alleged in this complaint, was acting within the scope of his or her actual or apparent authority, or the alleged acts and omissions of each Defendant as agent was subsequently ratified and adopted by each other Defendant as principal.

## FACTUAL BACKGROUND

### Plaintiff's Housing Circumstances

13.          Supplemental Security Income (SSI) is Ms. Monroe's sole source of income; currently, she receives $845 per month. Because Ms. Monroe is indigent, she has a federally subsidized housing voucher (known as a "Section 8" voucher) administered by the Orange County Housing Authority ("OCHA"). The voucher allows her to lease a privately-owned rental unit so long as the rent for the unit is below a payment standard set by OCHA. Ms. Monroe pays approximately one-third of her income in rent, with the remainder of the rent paid by OCHA.

14.          Ms. Monroe has been a tenant of the Irvine Company since she first received her Section 8 voucher in 2002. Ms. Monroe has lived at 1147 Corella, Newport Beach, California since November 2007. Her unit is located in the Newport North apartment complex, which is owned and operated by Defendants.

15.          Ms. Monroe was on the waiting list for a below market rent unit at Newport North for five years before she was able to live there. Ms. Monroe would not be able to use her voucher at a market rent unit in Newport North because the market rent units exceed the payment standard allowed by OCHA.

-4-

COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF

16.       If Ms. Monroe were unable to stay in her unit at Newport North, she would face immediate and possibly permanent homelessness.  Aside from her current unit, she has no place to go and no place to store her belongings.

17.       In order for Ms. Monroe to use her Section 8 voucher elsewhere, she would have to find a landlord willing to accept the voucher, and the landlord would have to have an available unit that was within OCHA's payment standard. The unit would also have to pass OCHA's housing quality standards.  If Ms. Monroe did not find such a unit within the time allotted by OCHA, Ms. Monroe would lose her voucher.

### Plaintiff's Physical and Mental Health Condition

18.       Susan Monroe is 67 years old and has serious physical disabilities, including asthma, that substantially impair her respiratory functions.  Because of these disabilities, second-hand tobacco smoke is particularly detrimental to Ms. Monroe's physical health and can trigger an asthma attack.

19.       Ms. Monroe also has major depression and receives SSI as a result. Exposure to second-hand tobacco smoke is very stressful for Ms. Monroe because she worries about the impact tobacco smoke has on her physical health. This causes anxiety and worsens her mental health condition.

### Defendants' Knowledge of Ms. Monroe's Disabilities and Related Sensitivity to Second-hand Tobacco Smoke

20.       At all relevant times, Defendants knew of Ms. Monroe's physical and mental disabilities and her related need to avoid second-hand tobacco smoke. On a number of occasions, Ms. Monroe told the Irvine Company about her disabilities and her consequent sensitivity to second-hand tobacco smoke, and provided verification of this from her doctors.  In fact, Defendants provided disability accommodations on a number of occasions during Ms. Monroe's tenancy based on this knowledge.

21.        For example, on or about February 6, 2005, when she was living in the Irvine Company-owned Cornell Court Apartments, Ms. Monroe sent a letter to the manager of Harvard and Cornell Apartments explaining that she was experiencing health problems due to second-hand tobacco smoke drifting into her apartment.

22.        On or about June 2005, Ms. Monroe submitted a written request to the Irvine Company explaining that she was experiencing recurrent health problems at her unit as a result of second-hand smoke and requesting that the Irvine Company take steps to create a smoke-free environment for her and others who needed or would prefer such an environment.  She also submitted a letter from her doctor at the UCI Medical Center verifying that she had asthma, that her asthma could be triggered by tobacco smoke, and that she was having significant difficulty breathing due to tobacco smoke entering her apartment.  Ms. Monroe subsequently moved to a unit in Harvard Court Apartments, an apartment complex adjacent to Cornell Court also owned by the Irvine Company.

23.        On or about September 2006, Ms. Monroe discussed her disability-related need to avoid second-hand tobacco smoke with a regional manager at the Irvine Company and asked that Defendants accommodate her disabilities.  Ms. Monroe received a letter approximately a month later stating that the property management had sent a letter to the eight units in the building explaining that a resident with a sensitivity to tobacco smoke lived there and asking them to be considerate of that resident.

24.        Ms. Monroe moved to Newport North Apartments in 2007.  However, the resident in the unit directly below hers was a heavy smoker, so she moved to her current unit.  In order to do so she submitted a request that Defendants accommodate her disability-related need to avoid second-hand tobacco smoke and a verification letter from her doctor.  In August 2008, Ms. Monroe provided Defendants with a

-6-

COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF

doctor's verification letter stating that exposure to second-hand tobacco smoke worsens Ms. Monroe's physical and mental health.

25.       Since moving to Newport North Apartments, Ms. Monroe has approached her neighbors on fewer than ten occasions regarding smoking. On such occasions, she asked them not to smoke or inquired whether Defendants had informed them that she was sensitive to second-hand tobacco smoke. On no occasion did Ms. Monroe act in an abusive or harassing manner.

### Defendants' Discriminatory Conduct

26.       On or about October 19, 2009, Defendants sent a letter to Ms. Monroe alleging that some residents of Newport North were "very uncomfortable" with Ms. Monroe approaching them regarding smoking, and that this "harassment" of neighbors was a lease violation that would justify eviction.

27.       On or about April 21, 2010, a neighbor who parks her car in front of Ms. Monroe's unit exited her vehicle while smoking. Ms. Monroe asked the woman whether Defendants had informed her that Ms. Monroe was sensitive to tobacco smoke.

28.       Defendants gave Ms. Monroe a notice dated April 27, 2010 stating that her tenancy was being terminated in 60 days and that she would have to vacate at that time. She received a second "60-Day Notice of Lease Termination," dated April 29, 2010, which gave a reason for the eviction: "harassing other tenants." It is clear that Ms. Monroe's tenancy was being terminated because of her alleged "harassment" of asking her neighbors not to smoke.

29.       On June 16, 2010, Ms. Monroe requested through counsel that Defendants withdraw their notices to vacate on the grounds that evicting her for asking her neighbors not to smoke on a very limited number of occasions was discrimination on the basis of disability. In the alternative, if Defendants' position was that Ms. Monroe's behavior exceeded Defendants' threshold for harassment and

COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF

their policy was always to evict tenants who exceeded that threshold, Ms. Monroe asked that she be permitted to stay in her unit as an accommodation of her disabilities.

30.      On June 18, 2010, Defendants responded through counsel that Ms. Monroe was being required to vacate her apartment because she had made a disability accommodation request that Defendants believed was unreasonable. Defendants sent a follow up letter that same day stating that one of the reasons that Defendants were terminating Ms. Monroe's tenancy was that Ms. Monroe had made a disability accommodation request that Defendants could not grant.  Defendants refused to withdraw the notices to vacate unless Ms. Monroe agreed to move within a short time.

## Consequences of Defendants' Discriminatory Actions

31.      If Ms. Monroe does not vacate her unit by the June 28, 2010 deadline given in Defendants' notice to vacate, Defendants will file an unlawful detainer action against her.  It would be extremely difficult for Ms. Monroe to rent another apartment with an unlawful detainer action on her record, regardless of the outcome of the lawsuit.  Moreover, if she were to lose an unlawful detainer action, OCHA would terminate Ms. Monroe from the Section 8 voucher program and Ms. Monroe would lose her federal housing subsidy.

32.      If Ms. Monroe did vacate her unit by June 28, 2010, she would be homeless, possibly permanently.  She currently has no other place to live and nowhere to store her belongings.  She can only use her Section 8 voucher in another unit if she finds an appropriate unit within OCHA's payment standard, with a landlord who is willing to accept Section 8 and willing to wait for OCHA to send an inspector to the unit to verify that it meet OCHA's housing quality standards.  Ms. Monroe would lose her voucher if she were unable to find a qualifying unit within a short period of time. She has thus far searched for an alternative unit without success.

**COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF**

33.      Even if Ms. Monroe finds a replacement unit, it will not be an adequate substitute for her current unit, which she spent five years on a waiting list for.  Her doctors, her church, and her activities are all in the area near her home.  It is very important to her physical and mental health to have those supports nearby.  However, there are very few affordable housing units in the area, and those have long waiting lists.  Any unit that Ms. Monroe would be able to find within a reasonable period of time would be far from her support system, and the resulting disruption would be extremely detrimental to her physical and mental health.

34.      The prospect of imminent homelessness, the threat of an unlawful detainer action, and the risk of losing her Section 8 voucher have caused Ms. Monroe an extreme amount of anxiety, emotional distress, and mental anguish.  She is receiving treatment for the decline in her mental health caused by Defendants' actions.

## FIRST CLAIM FOR RELIEF

### Violation of the Federal Fair Housing Act

(42 U.S.C. § 3601 et seq. and 24 C.F.R. § 100.1 et seq.)

1.      Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

2.      The Fair Housing Act prohibits discrimination against qualified individuals with disabilities.  42 U.S.C. § 3604.  A housing provider may not refuse to rent to a tenant because of their disability and may not discriminate in the terms, conditions, or privileges offered to a tenant because of their disability.  442 U.S.C. § 3604(a) and (b).  Federal regulations specifically proscribe evicting a tenant based on the tenant's disability.  24 C.F.R. 100.60.

3.      The Fair Housing Act further provides:
[D]iscrimination includes... a refusal to make reasonable accommodations in rules, policies, practices or services, when such

**COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF**

accommodations may be necessary to afford [a disabled individual] an equal opportunity to use and enjoy a dwelling.

42 U.S.C. § 3604(f)(3)(B).

4.     The Fair Housing Act additionally provides that retaliation against parties who exercise rights protected by the Fair Housing Act is unlawful.  42 U.S.C. § 3617.

5.     Plaintiff is a "qualified individual with a disability" under 42 U.S.C. § 3602(h)(i).  At all relevant times, Defendants knew or should have known of Plaintiff's disabilities.  Defendants knew or should have known that Plaintiff was approaching her neighbors regarding second-hand tobacco smoke because of her disabilities. This includes both her respiratory problems and major depression.

6.     None of Plaintiff's conduct in asking her neighbors not to smoke near her or in asking whether Defendants had informed them of her sensitivity to second-hand tobacco smoke rises to the level of harassment.  Evicting Plaintiff for such low-level conduct, which is directly connected to her disability, is discrimination on the basis of disability.

7.     Evicting Plaintiff based on the fact that some of her neighbors find it disturbing to be approached by a person with a disability is likewise discrimination on the basis of disability.

8.     To the extent that Plaintiff's conduct exceeds Defendants' threshold for "harassment" and that Defendants' general policy is to evict anyone whose conduct falls outside this threshold, Plaintiff has requested that Defendants accommodate her disabilities by allowing her to continue living in her unit.  Defendants have refused to do so and have refused to discuss accommodations which would allow Plaintiff to continue living in her unit.

-10-

**COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF**

9.          Evicting Plaintiff for conduct protected by the Fair Housing Act, such as requesting disability accommodations constitutes retaliation proscribed by the Fair Housing Act.

10.          As a direct and proximate result of the aforementioned acts, Plaintiff has suffered and continues to suffer substantial damages, including humiliation, hardship, anxiety, indignity, and severe mental and emotional anguish.

11.          Unless Defendants are enjoined from continuing their course of conduct, Plaintiff will suffer irreparable injury in that Plaintiff will lose her home and will face immediate and possibly permanent homelessness.

12.          Plaintiff is entitled to recover compensatory damages and her reasonable attorneys' fees and costs incurred in bringing this action.

## SECOND CLAIM FOR RELIEF

Violation of the California Fair Employment and Housing Act

(Cal. Gov't code § 12955 *et seq.*)

13.          Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

14.          Section 12927 of the California Government Code prohibits discrimination against qualified individuals with disabilities.  It provides in pertinent part:

"Discrimination" . . . includes refusal to . . . rent, or lease housing accommodations; . . . includes any other denial or withholding of housing accommodations; . . . includes provision of inferior terms, conditions, privileges, facilities, or services in connection with those housing accommodations; includes harassment in connection with those housing accommodations; includes the cancellation or termination of a . . . . rental agreement; . . . and includes refusal to make reasonable

-11-

accommodations in rules, policies, practices, or services when these accommodations may be necessary to afford a disabled person equal opportunity to use and enjoy a dwelling.

Cal. Gov't Code §12927.

15.        Plaintiff is a qualified individual with a disability under Cal. Gov't Code § 12926. At all relevant times, Defendants knew or should have known of Plaintiff's disabilities. Defendants knew or should have known that Plaintiff was approaching her neighbors regarding second-hand tobacco smoke because of her disabilities. This includes both her respiratory problems and major depression.

16.        None of Plaintiff's conduct in asking her neighbors not to smoke near her or in asking whether Defendants had informed them of her sensitivity to second-hand tobacco smoke rises to the level of harassment. Evicting Plaintiff for such low-level conduct, which is a result of her disability, is discrimination on the basis of disability.

17.        Evicting Plaintiff based on the fact that some of her neighbors find it disturbing to be approached by a person with a disability is likewise discrimination on the basis of disability.

18.        To the extent that Plaintiff's conduct exceeds Defendants' threshold for "harassment," and to the extent that Defendants' general policy is to evict anyone whose conduct falls outside this threshold, Plaintiff has requested that Defendants accommodate her disabilities by allowing her to continue living in her unit. Defendants have refused to do so and have refused to discuss accommodations which will allow her to continue living in her unit.

19.        Evicting Plaintiff for conduct protected by the Fair Employment and Housing Act, such as requesting disability accommodations, constitutes retaliation proscribed by the Fair Employment and Housing Act.

COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF

20.     As a direct and proximate result of the aforementioned acts, Plaintiff has suffered and continues to suffer substantial damages, including humiliation, hardship, anxiety, indignity, and severe mental and emotional anguish.

21.     Unless Defendant is enjoined from continuing their course of conduct, Plaintiff will suffer irreparable injury in that Plaintiff will lose her home and will face immediate and possibly permanent homelessness.

22.     As a direct and proximate result of the aforementioned acts, Plaintiff has suffered and continues to suffer substantial damages, including humiliation, hardship, anxiety, indignity, and mental and emotional anguish.

23.     Pursuant to Government Code Section 12989.2 Plaintiff is entitled to injunctive relief. Plaintiff is also entitled to damages, and attorneys' fees and costs incurred in bringing this action.

## THIRD CLAIM FOR RELIEF

Violation of Unruh Civil Rights Act

(Cal. Civ. Code § 51 *et seq.*)

24.     Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

25.     The Unruh Civil Rights Act, section 51 of the California Civil Code, prohibits "business establishment[s]" from discriminating against any person who has, or is perceived to have, a physical or mental disability.

26.     Defendant Irvine Company, LLC, and Defendant Irvine Company Apartment Communities, Inc., are both "business establishments" and are subject to the Unruh Act.

27.     Section 51(b) of the California Civil Code provides in pertinent part: "All persons within the jurisdiction of this state are free and equal, and no matter what their ... disability ... are entitled to the full and equal accommodations,

advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

28.      At all relevant times, Plaintiff is and was a person with a disability within the meaning of the Unruh Civil Rights Act.

29.      In doing the things herein alleged, Defendants have violated Plaintiff's right to fair housing under the Unruh Act, in that Defendants discriminated against Plaintiff based on her disability in the operation of the property, a business establishment.

30.      The conduct of Defendants alleged herein constitutes a denial of full and equal access to housing accommodations to Plaintiff within the meaning of Cal. Civil. Code § 51 et seq.

31.      As provided under the statute, Plaintiff has suffered and continues to suffer damages, as alleged herein, and is entitled to injunctive relief.

32.      Pursuant to Cal. Civil Code § 52, Plaintiff is entitled to damages, including but not limited to, statutory damages, among other remedies, of up to three times her actual damages, and attorneys' fees. Cal. Civ. Code §§ 52 and 52.1.

**FOURTH CLAIM FOR RELIEF**

California Disabled Persons Act

(Cal. Civ. Code § 54 *et seq.*)

33.      Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

34.      The California Disabled Persons Act ("DPA") prohibits discrimination in housing against persons with disabilities and provides that they are entitled to full and equal access, as other members of the general public, to all housing accommodations offered for rent or lease. Cal. Civ. Code § 54.1 (b).

35.      The DPA also requires that any person renting, leasing, or otherwise providing real property for compensation shall not refuse to make reasonable

-14-

accommodations in rules, policies, practices, or services, when those accommodations may be necessary to afford individuals with a disability equal opportunity to use and enjoy the premises. Cal. Civ. Code § 54.1 (b)(3)(B).

36.     Defendants have injured Plaintiff by denying her full and equal access to housing accommodations in violation of Cal. Civ. Code § 54.1 (b) and by refusing to make reasonable accommodations in rules, policies, practices, or services when those accommodations may be necessary to afford individuals with disabilities an equal opportunity to use and enjoy housing accommodations, in violation of Cal. Civil Code § 54.1(b)(3)(B).

37.     As a direct and proximate result of the aforementioned acts, Plaintiff has been damaged, as set forth above. Plaintiff has suffered and continues to suffer damages, as alleged herein.

38.     Plaintiff is entitled to damages, including but not limited to, statutory damages in an amount up to a maximum of three times the amount of her actual damages. Cal. Civ. Code § 54.3. Pursuant to Cal. Civil Code § 54.3, Plaintiff is entitled to attorneys' fees.

## FIFTH CLAIM FOR RELIEF
### Unfair Business Practice
### Business and Professions Code §17200

39.     Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

40.     Plaintiff brings this claim and requires modifications to Defendant's policies, practices and/or services in order to enjoy "full and equal" access to the services that Defendant provides.

41.     California Business and Professions Code § 17203 provides that "Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders

**COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF**

or judgments, including the appointment of a receiver, as may be necessary to prevent the use ...by any person of any practice which constitutes unfair competition, as defined in this chapter."

42.        "Unfair Competition" is defined as any unlawful, unfair or fraudulent business act or practice. Cal. Bus. & Professions Code §17200 (1977).

43.        "Person" is defined as natural persons, corporations, firms, partnerships, jointstock companies, associations and other organizations of persons. Cal. Bus. & Professions Code §17201 (1977).

44.        By engaging in the conduct described herein, Defendant has committed acts of unlawful and unfair business practices within the meaning of California Business & Professions Code §§ 17200 et seq.  Specifically, Defendants have committed unlawful and unfair acts and practices in the course of conducting business by violating state statutes as set forth herein.

45.        The unlawful and unfair business practices conducted by Defendants present a threat and likelihood of imminent injury to Plaintiff.  Accordingly, Plaintiff seeks injunctive and declaratory relief.

46.        Pursuant to California Code of Civil Procedure § 1021.5, Plaintiff is also entitled to recover from Defendant reasonable attorneys' fees and costs incurred in bringing this action.

### SIXTH CLAIM FOR RELIEF

Negligence

47.        Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

48.        Defendants owe Plaintiff a duty to operate the properties in a manner that is free from unlawful discrimination, and to hire, train, supervise, and discipline their employees and each other to fulfill that duty.  Defendants negligently violated that duty by discriminating against Plaintiff on account of her disability.  The ways

-16-

COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF

that Defendants violated that duty include, but are not limited to, negligently failing to train their employees and each other regarding the requirements of federal and state fair housing laws, negligently failing to hire persons who were familiar with the requirements of federal and state fair housing laws, negligently failing to supervise employees and agents regarding compliance with state and federal fair housing laws, and negligently failing to discipline or terminate employees who did not comply with the federal and state fair housing laws.

49.     As a legal result of Defendants' negligent conduct, Plaintiff has suffered mental anguish and emotional distress.

### SEVENTH CLAIM FOR RELIEF

Intentional Infliction of Emotional Distress

50.     Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

51.     Through acts and omissions described herein, and other such acts, Defendants' treatment of Plaintiff because of her disabilities constitutes outrageous conduct as the conduct exceeded all possible bounds of decency. Defendants abused their authority in issuing Plaintiff the two notices to vacate her unit.  Defendants knew that because of her disabilities, Plaintiff needed a smoke-free environment and that Defendants' conduct would likely harm Plaintiff.

52.     As the proximate results of the acts and omissions described herein, and other such acts, Plaintiff suffered mental anguish and emotional distress for which Plaintiff was treated.

53.     Plaintiff is informed, believes, and based thereon alleges, that Defendants' acts and omissions described herein, and other such acts, were willing, reckless, oppressive, malicious and done with a callous disregard of the consequences substantially certain to occur.  Plaintiff will be entitled to punitive damages in an amount to be determined at trial.

-17-

**COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF**

## EIGHTH CLAIM FOR RELIEF

Invalid Notices to Vacate

(Cal. Civ. Code § 1954.535)

54. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

55.         California Civil Code § 1954.535 provides that owners who terminate or fail to renew a contract with a government agency that provides for rent limitations to a qualified tenant shall give the tenant at least 90 days written notice of the effective date of the termination.

56.         Landlords must comply with the 90-day notice provision of Cal. Civ. Code § 1954.535 in order to terminate a tenancy agreement with a Section 8 tenant. *Wasatch Prop. Mgmt. v. Degrate*, 35 Cal.4th 1111, 1115 (2005).

57.         On their face, the April 27, 2010 and April 26, 2010 "60-Day Notice of Lease Termination" issued to Plaintiff by Defendants do not comply with Cal. Civ. Code § 1954.535 and are therefore invalid.

## DEMAND FOR JURY TRIAL

58.         Plaintiff demands a trial by jury.

## PRAYER

WHEREFORE, Plaintiff prays for relief and judgment as follows:

(1)      For a permanent injunction order under the Fair Housing Act, the California Fair Employment and Housing Act, the California Disabled Persons Act, the Unruh Civil Rights Act, and Cal. Bus. & Prof. Code § 17200 directing Defendants to address the violations complained of herein and to alter their policies, practices, and procedures, including training, to ensure that they afford full and equal enjoyment of housing to people with disabilities, including Plaintiff;

(2)      For an order enjoining Defendants from evicting Plaintiff based on any notice not complying with Cal. Civ. Code § 1954.535;

-18-

(3)     For a declaration that the notices issued to Plaintiff by Defendants on April 27, 2010 and April 29, 2010 do not comply with Cal. Civ. Code § 1954.535;

(4)     For an award of damages under her claims in this matter;

(5)     For Plaintiff's reasonable attorneys' fees and costs as allowed by law;

(6)     For such other and further relief as the Court deems just and proper.

Dated:  June 23, 2010                    **DISABILITY RIGHTS LEGAL CENTER**

                                         By: _____
                                             Autumn M. Elliott
                                             Attorneys for Plaintiff Susan Monroe

**COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge S. James Otero and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

## CV10- 4654 SJO (SSx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

======================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>**312 N. Spring St., Rm. G-8**<br>**Los Angeles, CA 90012** | [ ] **Southern Division**<br>**411 West Fourth St., Rm. 1-053**<br>**Santa Ana, CA 92701-4516** | [ ] **Eastern Division**<br>**3470 Twelfth St., Rm. 134**<br>**Riverside, CA 92501** |

Failure to file at the proper location will result in your documents being returned to you.

DISABILITY RIGHTS LEGAL CENTER
Paula D. Pearlman (SBN 109038)
paula.pearlman@lls.edu
919 Albany Street
Los Angeles, CA 90015
Tel: 213-736-1031     (see attached for add'l atty info)

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MONROE<br><br><br>PLAINTIFF(S)<br>v.<br><br>THE IRVINE COMPANY APARTMENT COMMUNITIES, INC., THE IRVINE COMPANY, LLC, and DOES 1 through 20, inclusive;<br>DEFENDANT(S). | CASE NUMBER<br>**CV10 -4654 SJO (SSx)**<br><br><br><br>**SUMMONS** |

TO:   DEFENDANT(S): The Irvine Company Apartment Communities, Inc., The Irvine Company, LLC, and Does 1 through 20, inclusive

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, Autumn M. Elliott _____, whose address is Disability Rights Legal Center, 919 Albany Street, Los Angeles, CA 90015 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  JUN 2 3 2010  _____

By: _____
**DODJIE LAGMAN**
Deputy Clerk

(Seal of the Court)

SEAL

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

1

**ATTACHMENT TO SUMMONS**

2

3   ADDITIONAL ATTORNEY INFORMATION:

4

5   Shawna L. Parks (CA Bar No. 208301)
    shawna.parks@lls.edu

6   Autumn M. Elliott (CA Bar No. 230043)
    autumn.elliott@lls.edu

7   DISABILITY RIGHTS LEGAL CENTER
    919 Albany Street

8   Los Angeles, California 90015
    Tel:  (213) 736-1031; Fax:  (213) 736-1428

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COPY

UNITED STATE DISTRICT COURT, CENTRAL DISTRICT CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Susan Monroe | The Irvine Company Apartment Communities, Inc.<br>The Irvine Company, LLC<br>Does 1-20 |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>DISABILITY RIGHTS LEGAL CENTER<br>Paula Pearlman, Shawna Parks, Autumn Elliott<br>919 Albany St., Los Angeles, CA 90015     (213)736-1031 | Attorneys (If Known)<br><br>Gregory Hurley<br>Greenberg Traurig LLP<br>3161 Michelson Dr., Ste. 1000<br>Irvine, CA 92612     (949)732-6614 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☑ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No    ☑ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. section 3601 et seq.; Cal. Gov't Code section 12900 et seq.; Cal. Civ. Code section 51 et seq.; Cal. Civ. Code section 54 et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | **IMMIGRATION** | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

## CV10 -4654 SJO (SSx)

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

UNITED STATE      ISTRICT COURT, CENTRAL DISTRICT   CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D.  Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** ~~~~~~~~~~~~~~~~~~~~   Date June 22, 2010

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |